Cupi v. Holder

BIA
Christensen, IJ
A200 748 096

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11ᵗʰ day of July, two thousand fourteen.

PRESENT:
    PIERRE N. LEVAL,
    JOSÉ A. CABRANES,
    CHRISTOPHER F. DRONEY,
        Circuit Judges.

_____

DORJAN CUPI,
        Petitioner,

    v.                                    13-2312
                                          NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        Respondent.

_____

FOR PETITIONER:        Gregory Marotta, Vernon, New Jersey.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney
                       General; Mary Jane Candaux,
                       Assistant Director; Aimee J.
                       Carmichael, Trial Attorney, Office
                       of Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Dorjan Cupi, a native and citizen of Albania, seeks review of a May 15, 2013, decision of the BIA affirming an Immigration Judge's ("IJ") February 28, 2012, decision, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dorjan Cupi*, No. A200 748 096 (B.I.A. May 15, 2013), *aff'g* No. A200 748 096 (Immig. Ct. N.Y. City Feb. 28, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For applications such as Cupi's, governed by the REAL ID Act of 2005, the agency may, "considering the totality of the circumstances," base a credibility finding on the applicant's "demeanor, candor, or responsiveness," the

plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008) (per curiam). We "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling. *Xiu Xia Lin*, 534 F.3d at 167.

Here, the IJ reasonably based the adverse credibility determination on Cupi's inconsistent testimony, inconsistencies between his testimony and documentary evidence, and the implausibility of his evidence. As the agency found, Cupi testified inconsistently regarding the dates he and his father were arrested and whether he knew that his friend was arrested with him. Contrary to a membership card and a letter from the Socialist Party that dated his party membership to 2006, Cupi testified that he first joined in 2003. He also testified that his mother and family doctor treated the injuries he received during his arrests, contradicting his affidavit statement that his girlfriend treated him in his dormitory.

Although Cupi offered explanations for these inconsistencies, the IJ was not "'compelled to credit'" them. *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (internal citation omitted). Cupi asserted that his membership card reflected the date it was issued, 2006, when the Socialist Party began issuing cards. But the card indicates that 2006 was the "date of [his] acceptance" and Cupi's sole witness testified that cards were issued as early as 1991. When confronted with the inconsistency regarding the treatment of his injuries, Cupi testified that his girlfriend treated him before he went to his parents' home or the hospital, but he did not explain why he did not go directly to the hospital given the severity of his injuries. The IJ reasonably relied on these unexplained inconsistencies to support the adverse credibility determination. *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Xiu Xia Lin,* 534 F.3d at 167.

Moreover, the IJ reasonably found implausible both: (1) Cupi's affidavit, because it reported strikingly similar events during and after his arrests using nearly identical language; and (2) the omission of any mention in a letter from the Socialist Party that Cupi was a member from 2003 to

4

2006, despite the fact that he testified that he was an active local leader during that time. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007) (noting that the reasons for an implausibility finding must be evident in the record).

Given these inconsistencies and implausibilities, the totality of the circumstances supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Although Cupi submitted corroborating witness testimony, letters, a membership card, and a hospital record, the IJ reasonably found that evidence insufficient to establish his eligibility for relief absent credible testimony because: (1) his witness lacked personal knowledge of Cupi's arrests; (2) the card and hospital record were contradicted by Cupi's testimony; and (3) the letters' authors were not available for cross-examination. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (the weight accorded to documentary evidence lies largely within agency's discretion); *see also Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (giving diminished evidentiary weight to letters because the authors were not subject to cross-examination), *rev'd on other grounds by Hui*

5

*Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012). As the only evidence of a threat to Cupi's life or freedom, or likelihood of torture, depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk